

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00196-CR

RANDY JAY HOFSTETTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 0719507

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After Randy Jay Hofstetter pled guilty to the offense of aggravated sexual assault of a child, he was placed on community supervision for a period of ten years, in accordance with the terms of a plea agreement with the State. Hofstetter's community supervision was thereafter revoked, a judgment adjudicating guilt was entered, and he was sentenced to forty years' incarceration.

Hofstetter's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided Hofstetter with a copy of the brief, the appellate record, and the motion to withdraw. Counsel further informed Hofstetter of his right to review the record and file a pro se response. Hofstetter's pro se response was due, after two extensions of time were given in which to file said response, on or before May 8, 2015. Hofstetter has not filed a pro se response and has not requested any additional extensions of time in which to file such a response.

2

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's and reporter's records, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[1]


Ralph K. Burgess
Justice


Date Submitted:      June 10, 2015
Date Decided:        June 12, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.